SO ORDERED,
SIGNED July 23, 2007.

STEPHEN V. CALLAWAY
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LAFAYETTE COMMUNITY | ) | |
| REHABILITATION HOSPITAL, L.L.C. | ) | CASE NO. 06-10667 |
| | ) | |
| DEBTOR | ) | CHAPTER 11 |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING HEARING ON CONFIRMATION ON THE PLAN OF REORGANIZATION PROPOSED BY LAFAYETTE COMMUNITY REHABILITATION HOSPITAL, L.L.C.**

In accordance with Section 1125(f) of the Bankruptcy Code, on July 23, 2007, this Court held a hearing to confirm the Debtor's First Amended Plan of Reorganization dated March 21, 2007, Debtor as modified in that certain First Motion to Approve Non-Material Modifications to Debtor's First Amended Plan of Reorganization (collectively the "Plan") filed by Lafayette Community Rehabilitation Hospital, L.L.C. ("Debtor"). Based upon the arguments of counsel for various parties in interest, the record of this bankruptcy case, and evidence introduced during the hearing, the following findings of fact and conclusions of law are hereby entered in connection with the confirmation of the Plan.

# FINDINGS OF FACT

1. On April 28, 2006, Debtor voluntarily filed a petition for relief pursuant to Chapter 11 of Title 11, of the United States Code. Since that date, Debtor has continued to operate its business and manage its affairs as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. Debtor operates a rehabilitation hospital facility in Lafayette, Louisiana.

2. On March 21, 2007, Debtor filed a First Amended Plan of Reorganization and a Disclosure Statement as required by pertinent sections of the Bankruptcy Code.

3. On July 18, 2007, Debtor filed its First Motion to Approve Non-Material Modifications to Debtor's First Amended Plan of Reorganization.

4. Debtor timely served copies of the (i) Notice of Confirmation Hearing, (ii) the First Amended Plan, (iii) the First Amended Disclosure Statement and (iv) Ballot and the instructions for casting a Ballot to all parties entitled to vote to accept or reject the Plan.

5. No class timely cast a ballot to reject the Plan. Class 1 (Small Unsecured Creditors), Class 2 claims (Large Unsecured Creditors) voted to accept the Plan.

6. The following creditors or parties in interest filed an objection to the Plan (collectively the "Objection"):

   a. United Medical Staffing, Inc., filed on April 20, 2007 (Docket No. 108);

   b. Louisiana Department of Labor filed on April 24, 2007 (Docket No. 111);

   c. Golden Age of Welsh, L.L.C. filed on April 24, 2007 (Docket No. 112);

   d. Allegiance Health Management, Inc. filed on April 25, 2007 (Docket No. 113);

   e. U.S. Trustee filed on June 19, 2007 (Docket No. 117)

7. The objections field by all parties are overruled or otherwise denied as set forth in the confirmation order.

8. The Plan complies in all respects with the provisions of Section 1129(b) of the Bankruptcy Code, including the following:

   a. The Plan complies with the applicable provisions of the Bankruptcy Code.

   b. The Debtor has complied with the applicable provisions of the Bankruptcy Code.

   c. The Plan has been proposed in good faith and not by any means forbidden by law.

   d. Any payment made or promised by the Debtor, or by a person acquiring property under the Plan, for services or for costs and expenses in or in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, has been disclosed to the Bankruptcy Court, and any such payment made before the confirmation of the Plan is reasonable, or if such payment is to be fixed after confirmation of the Plan, such payment is subject to the approval of the Bankruptcy Court as reasonable.

   e. The Debtor has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the Debtor, an affiliate of the Debtor participating in a Plan with the Debtor or a successor to the Debtor under the Plan, and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders and with public policy, and the Debtor has disclosed the identity of any insider that will be employed or retained by the reorganized Debtor, and the nature of any compensation of such insider.

   f. With respect to each Class of impaired Claims or Equity Interests, either each holder of a Claim or Equity Interest of such class has accepted the Plan, or will receive or retain under the Plan on account such Claim or Equity Interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated on such date under Chapter 7 of the Bankruptcy Code; or if Section 1111(b)(2) of the Bankruptcy Code applies to the Claims of such Class, each holder of a Claim will receive or retain under the Plan on account of such Claim property of a value, as of the Effective Date of the Plan, that is not less than the value of such holder's interest in the Debtor estates' interest in the property that secures such Claims.

   g. Each Class of Claims or Equity Interests has either accepted the Plan or is not impaired under the Plan.

   h. Except to the extent that the holder of a particular Claim has agreed to a different treatment of such Claim, the Plan provides that Allowed Administration Expense Claims and Allowed Other Priority Claims will be paid in full on the Effective Date; and that Allowed Priority Tax Claims will receive on the account of such Allowed Claims deferred cash payments, over a period not exceeding six years after the date of assessment of such Claim of a value, equal to the Allowed amount of such Claim, as of the Effective Date.

i. At least one Class of impaired Claims has accepted the Plan, determined without including any acceptance of the Plan by any insider holding a Claim of such Class.

j. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

k. The Plan provides that the quarterly fees required under 28 U.S.C. § 1930 have been paid or will be paid on the Effective Date of the Plan.

l. The Plan provides for the continuation after its effective date of payment of all retiree benefits, as that term is defined in Section 1114 of the Bankruptcy Code, at any time prior to confirmation of the Plan, for the duration of the period the Debtor has obligated itself to provide such benefits.

10. The Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests.

11. With respect to a class of secured claims, the Plan provides:

(i). that the holders of such claims retain liens securing such claims, whether property subject to such liens is retained by the debtor or transferred to another entity, to the extent of the allowed amount of such claims; and

(ii). that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the Effective Date of the Plan, of at least the value of such holder's interest in the estate's interest in such property;

12. With respect to a class of unsecured claims:

(i). the Plan provides that each holder of a claim of such class receive or retain on account of such claim property of a value, as of the Effective Date of the Plan, equal to the allowed amount of such claim; or

(ii). the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such claim junior claim or interest any property.

13. With respect to a class of interests:

(i). the Plan provides that each holder of an interest of such class receive or retain on account of such interest property of a value, as of the Effective Date of the Plan, equal to the greatest of the allowed amount of any fixed liquidation preference to which such holder is entitled, or the value of such interest; or

(ii). the holder of any interest that is junior to the interests of such class will not receive or retain under the plan on account of such claim junior interest any property.

14. Debtor is capable of paying or otherwise performing the obligations assumed under the Plan and the Plan is feasible.

## CONCLUSIONS OF LAW

15. The provisions contained in Article XI of the Plan regarding retention of jurisdiction of this Court are consistent with all applicable law.

16. The Plan classifies claims and interests in a manner consistent with the operation of Section 1122 of the Bankruptcy Code.

17. The Plan contains all the requirements embodied in Section 1123 of the Bankruptcy Code.

18. The Plan complies with Section 510(c) of the Bankruptcy Code.

19. All provisions of the Plan regarding the use, sale or lease of property comply with Sections 363 of the Bankruptcy Code.

20. Debtor complied with the requirements of Section 365 of the Bankruptcy Code in connection with the assumption and rejection of all executory contracts.

21. Debtor and the Committee and their attorneys, accountants and other professionals have acted in good faith in the solicitation of acceptances of the Plan. Hence, such persons and entities are entitled to the full protection afforded pursuant to Section 1125(e) of the Bankruptcy Code.

22. Pursuant to Bankruptcy Rule 3019, all required classes of Claims against and Interests in the Debtor who voted in favor of the Plan are deemed to have accepted the Plan as modified at the confirmation hearing.

23. The Plan and its proponents have complied with the requirements of Section 1125 of the Bankruptcy Code.

###

**ORDER PREPARED BY:**
John S. Hodge, Bar No. 18951
Wiener, Weiss & Madison
P.O. Box 21990
Shreveport, Louisiana 71120-1990

COPY SENT
Date: 7-24-07
By: TM
To: BNC: Matrix